NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TARIQ MURAD,<br>a/k/a DERRICK CALLOWAY,<br><br>    Petitioner,<br><br>    v.<br><br>ROY HENDRICKS, ET AL.,<br><br>    Respondents. | Civ. No. 03-621 (WGB)<br><br>O P I N I O N |

APPEARANCES

Tariq Murad
Prisoner Number 207098
New Jersey State Prison
P.O. Box 861 3C 210256
Trenton, New Jersey 08625

    Petitioner Pro Se

Paula T. Dow
Assistant Attorney General
Acting Essex County Prosecutor
Essex County Courts Building
Newark, New Jersey 07102

By:  Kenneth P. Ply
     Special Deputy Attorney General
     Appellate Section

     Attorney for Respondents

**BASSLER, SENIOR DISTRICT JUDGE:**

Petitioner, Tariq Murad ("Petitioner"), a/k/a Derrick Calloway, a state prisoner proceeding pro se, files this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth in this Opinion, Petitioner's request for habeas corpus relief is **denied.**

I. <u>BACKGROUND</u>

At approximately 11:10 p.m. on the evening of April 18, 1985, Eva Brown picked up her fiancé, Darius Williams, as he was leaving work.  Eva, driving the vehicle, told Williams that she wanted to buy some marijuana and pulled the vehicle to the side of the road at the intersection of Prince and Spruce Streets in Newark.  Williams exited from the automobile, crossed Prince Street and approached a group of people sitting outside of 234 Prince Street. He asked for marijuana, but was told by a member of the group, Angela Dortch, that they had none.  Someone then told him to try further down the street.

Williams crossed over Spruce Street and proceeded to walk down Prince Street when a group of at least three men approached him.  An argument ensued and one of the men pulled out a gun and shot Williams apparently because he refused to surrender the money Eva had given him.  Kenneth Dortch identified the Petitioner, Derrick Calloway, as the individual with the weapon, while his sister, Angela Dortch, identified Arthur King as the

2

man who fired the shot.

Although wounded, Williams ran back to his automobile and asked Eva for his gun. After Eva informed Williams that she did not have the gun, he tried to enter the vehicle from the passenger side. The Petitioner and his two co-defendants grabbed and pulled at Williams as he attempted to enter the vehicle. Eva eventually pulled Williams into the car, shut the door and locked it. Petitioner Murad then took his gun, reached into the vehicle, and fired at Williams.

Eva drove Williams to the hospital where he died from his injuries. The medical examiner testified that the cause of death was internal hemorrhaging caused by three gunshot wounds.

II. DISCUSSION

A. Procedural History

Tried to a jury, Petitioner was found guilty of felony murder under N.J.S.A. 2C:11-3a(3), first degree armed robbery, N.J.S.A. 2C:15-1, possession of handgun without the requisite permit, N.J.S.A. 2C:39-5b, and possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4a. State v. Calloway, Indictment No. 4027-11-85. On his conviction for felony murder Petitioner was sentenced to forty years in New Jersey State Prison, with a thirty-year period of parole ineligibility. A five-year concurrent sentence was imposed on his conviction for the unlawful possession of a weapon. The trial court vacated the

jury's verdict on the first-degree robbery and possession of a weapon for an unlawful purpose based upon the doctrine of merger.

A second indictment charged Petitioner with second degree robbery. Petitioner entered a *retraxit* plea of guilty to that charge and was sentenced to a custodial term of five years. The trial court ordered that the sentence on the robbery conviction run concurrently with the custodial terms imposed on the felony murder and weapons offenses.

Petitioner directly appealed the judgment of conviction, on grounds that the trial court improperly denied his motion for a severance and erroneously admitted autopsy photographs into evidence. State v. Calloway, A-3297-86T4 (App. Div. 1988). Petitioner also claimed that his guilty plea for second degree robbery was not supported by an adequate factual basis. The Superior Court of New Jersey, Appellate Division, finding that all of Petitioner's arguments were "clearly without merit," affirmed on June 7, 1988. State v. Calloway, supra, (App. Div. 1988). The Supreme Court of New Jersey denied certification of Petitioner's direct appeal on September 28, 1988. State v. Calloway, 113 N.J. 351, 550 A.2d 462 (1988).

Petitioner then sought post-conviction relief ("PCR") alleging ineffective assistance of appellate counsel. The Petitioner's PCR was denied by the Honorable Michael J. Degnan, J.S.C., on March 26, 1993. After a remand ordered by the

4

Superior Court of New Jersey, Appellate Division, the trial court again denied Petitioner's PCR on December 7, 1994.  See State v. Calloway, 275 N.J. Super. 13, 645 A.2d 150 (App. Div. 1994).  The Appellate Division affirmed the trial court in denying the petition for post-conviction relief on June 19, 1997.  The Supreme Court of New Jersey denied Petitioner's motion to file a petition for certification as within time, and dismissed the notice of petition for certification as moot on January 23, 2002.  Petitioner filed this application for federal habeas relief on or about February 11, 2003.

    B.   Statute of Limitations

Respondents assert that Murad's petition was filed outside of the one-year statute of limitations period for filing habeas petitions.  On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") took effect, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  In this instance, the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

Petitioner's judgment of conviction became final on December 27, 1988, the final date Petitioner could properly file a

5

petition for a writ of certiorari with the Supreme Court of the United States.  <u>Kapral v. United States</u>, 166 F.3d 565, 575 (3d Cir. 1999)("[p]rior to the expiration of the time for certiorari review, a conviction is simply not 'final'"); <u>Jones v. Morton</u>, 195 F.3d 153, 157 (3d Cir. 1999).  Petitioner's avenue of direct appeal from his conviction came to an end ninety days after the New Jersey Supreme Court denied certification.  <u>See</u> 28 U.S.C. § 2101(d); Sup. Ct. R. 13 ("a petition for a writ of certiorari to review a judgment of any case, civil or criminal, entered by a state court of last resort... is timely filed... within ninety days after entry of the judgment").  The New Jersey Supreme Court denied certification on September 28, 1988.  Therefore, direct review of Petitioner's conviction concluded ninety days later on December 27, 1988.

Because Petitioner's state court conviction became final before April 24, 1996, the effective date of the AEDPA of 1996, the one-year statute of limitations would run for a full year from that date and thus would require a Petitioner to file his habeas petition by April 23, 1997.  <u>Nara v. Frank</u>, 264 F.3d 310, 315 (3d Cir. 2001)(holding that in cases where a prisoner's conviction became final before April 24, 1996, the prisoner has a one-year grace period following the effective date of the AEDPA in which to file an application for habeas corpus relief).  Pursuant to the grace period applicable to convictions finalized

before the effective date of the AEDPA, Petitioner had until April 23, 1997, to file a petition for a writ of habeas corpus. See Burns v. Morten, 134 F.3d 109, 111 (3d Cir. 1988)("[H]abeas petitions filed on or before April 23, 1997, may not be dismissed for failure to comply with § 2244(d)(1)'s time limit.").

However, the AEDPA provides that the one-year statute of limitations tolls during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Respondents concede that Petitioner properly filed for post-conviction relief which was twice denied and twice appealed to the Superior Court, Appellate Division, before that court affirmed the denial of the PCR petition on June 19, 1997. Pursuant to New Jersey Court Rule 2:12-7(b), Petitioner had 30 days, or until July 19, 1997, to file a petition for certification to the New Jersey Supreme Court. Because Petitioner did not file within 30 days his PCR proceedings were finally concluded on July 19, 1997.

The 365-day limitations period resumed at the expiration of Petitioner's time to file a petition for certification to the New Jersey Supreme Court. Petitioner thus had until July 18, 1998, to file a timely habeas corpus petition pursuant to the AEDPA. Because Petitioner did not submit this application for habeas relief until February 11, 2003, more than four and one-half years

7

after the limitations period had expired, the Court finds that this petition is therefore time-barred by statute.

    C.  <u>Equitable Tolling</u>

The Court may equitably toll the AEDPA statute of limitations when a state prisoner faces exceptional circumstances that prevent him from filing a timely habeas petition. <u>See</u> <u>Fahy v. Horn</u>, 240 F.3d 239, 244-45 (3d Cir. 2000); <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). In <u>Miller</u>, the Court of Appeals for the Third Circuit held that the one-year statute of limitations is subject to equitable tolling, and is not a jurisdictional bar. <u>Id.</u> In order to toll the one-year limitations period the petitioner must show "that he or she exercised reasonable diligence in investigating and bringing the claims." <u>Miller</u>, at 618-19. Mere excusable neglect is not sufficient. <u>Id.</u> Petitioner must show that he has been prevented from asserting his or her rights in some extraordinary way. <u>Id.</u> Equitable tolling may also be appropriate if the Petitioner has been actively misled or timely asserted his rights in the wrong forum. <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999). However, the Court of Appeals for the Third Circuit has emphasized that the federal courts use equitable tolling "only sparingly." <u>Seitzinger v. Reading Hosp. & Med. Ctr.</u>, 165 F.3d 236, 239 (3d Cir. 1999)(quoting <u>Irwin v. Dep't of Veteran Affairs</u>, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L.

Ed. 2d 435 (1990)); see United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)("[A] statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." (citation and quotation marks omitted)).  Because Petitioner has not demonstrated that he was prevented from asserting his rights in some extraordinary way the Court can discern no exceptional circumstances warranting equitable tolling.

Petitioner claims that he was prevented from asserting his rights in an extraordinary way because after being transferred to New Jersey State Prison he discovered that some of his legal documents went missing and prison authorities were unable to assist him in retrieving the documents.  This argument fails as an attempt to support equitable tolling.

At the outset, the Court notes that Petitioner had ultimately received sufficient materials in order to reconstruct his legal record as he was able to file a motion with the New Jersey Supreme Court to file a petition for certification *nunc pro tunc*.  That court denied this motion for leave to file a notice of petition for certification as within time.[1]  Additionally, Petitioner's property became temporarily unavailable to him following his transfer to New Jersey State

---

[1] The period of time during which Petitioner's motion to file a petition for certification out of time was pending is not included in the tolling period pursuant to 28 U.S.C.A. § 2254(d)(2); Swartz v. Meyers, 204 F.3d 417, 420 (3d Cir. 2000).

9

Prison on or about October 28, 1998. This transfer occurred over three months past the expiration of Petitioner's original window to file a timely petition for habeas relief. Therefore, Petitioner has not demonstrated that he has faced exceptional circumstances that prevent him from filing a timely habeas petition.

In Payne v. Digulielmo, 2004 WL 868221, *3 (E.D.Pa. April 21, 2004), the petitioner claimed that equitable tolling applied because the paralegal who possessed his legal records was transferred to another institution. Although the paralegal possessed his records, the petitioner did not identify any reason why he could not file a timely habeas petition and amend it later after obtaining the records. Id. Equitable tolling was denied. Id. Similarly, in this case, Petitioner does not put forward any reason why his transfer between prisons, and subsequent delay in the return of his legal documents, manifested exceptional circumstances that prevented timely filing of his application for habeas relief. See Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002)(holding that the petitioner did not exercise reasonable diligence to justify equitable tolling, noting that the petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials.").

Finally, nothing in the record demonstrates that Petitioner was actively misled by the State or that he mistakenly asserted

his rights in the wrong forum.

After independent review of the record, the Court concludes that because no extraordinary circumstances have been shown to warrant equitable tolling of the period of limitations, Petitioner's application is time-barred.

III.  CONCLUSION

For the foregoing reasons, the Court finds the petition for habeas corpus relief is time-barred and ineligible for equitable tolling and is therefore **denied**.

An appropriate order accompanies this Opinion.


  /s/ WILLIAM G. BASSLER
William G. Bassler, U.S.S.D.J.


Dated: 21 September 2005